**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LESLIE HOLUSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-00038 |
| | ) | Judge Nora Barry Fischer |
| FRANK BISIGNANO, | ) | Docket No. 4 |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

I.      **INTRODUCTION**

Leslie Holuska ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking

review of the final determination of the Commissioner of Social Security ("Defendant" or

"Commissioner") denying her application for supplemental security income ("SSI") under Title

XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383 (the "Act").  Now pending before the

Court is Plaintiff's Motion for Summary Judgment (Docket No. 4), which has been fully briefed.

(Docket Nos. 4, 5 and 6).

II.     **PROCEDURAL HISTORY**

On July 14, 2023, Plaintiff filed an application for SSI alleging disability as of January 1,

2021 "due to mental impairments including depression, anxiety, PTSD and ADHD."  (Docket

No. 4 at 3; Administrative Transcript, Docket No. 2 (hereafter "Tr.")).[1]  Her application being

---

[1] A certified copy of the transcript of the complete administrative proceedings was made of record at Docket No. 2 as follows: 2-1 Court Transcript Index; 2-2 pp. 1-661.

denied by the Social Security Administration (the "SSA") at the initial and reconsideration levels of review in November 2023 and March 2024, respectively, it then proceeded to a video Administrative Law Judge ("ALJ") hearing before ALJ Theodore Kim on March 4, 2025, at which Plaintiff and an impartial vocational expert, Whitney Ayer, testified. On April 18, 2025, ALJ Kim issued a Decision denying her application, and on December 16, 2025, the Appeals Council denied her request for review, rendering that decision (the "Decision") final pursuant to 20 C.F.R. § 404.981. (Tr. at 17; Docket No. 4 at 3; Docket No. 5 at 3).[2]

Plaintiff filed her Complaint on February 12, 2026. (Docket No. 1). The issues at hand are whether (a) substantial evidence exists in the record to support the ALJ's April 18, 2025 Decision and (b) the correct legal standard was employed. More particularly, Plaintiff submits that the ALJ erred in failing to "properly explain the supportability and consistency factors" of "the opinion of Plaintiff's psychiatric nurse practitioner", Bonnie M. Woodruff, DNP. (Docket

---

As noted in her briefing, Plaintiff also had a history of drug use, addiction treatment and medication, relapse and non-compliance. (Docket No. 4 at 3-5). As noted in Defendant's briefing, she also alleged disassociation and short-term memory impairments. (Docket No. 5 at 3).

[2] In reaching his determination, ALJ Kim found that Plaintiff (1) had not engaged in substantial gainful activity since her application date, and (2) had eight severe medically determinable impairments ("MDI"s) (as well as several non-severe impairments), (3) none of which met or equaled the severity of a listed impairment. *See* Section III, *infra*. In then formulating Plaintiff's residual functional capacity assessment ("RFC") at step (4), the ALJ found that Plaintiff had:

> the residual capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations. She can frequently operate hand controls, reach, push, pull, handle, finger, and feel with both upper extremities. She can never climb ladders, ropes, and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts. She can tolerate occasional exposure to vibration. In addition, she can understand, carry-out, and remember simple instructions, and use judgment to make simple work-related decisions. She can occasionally interact with supervisors and co-workers and can never interact with the public. She can deal with occasional changes in a routine work setting. She cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas.

After finding that claimant had no past relevant work, the ALJ concluded, on evidence of the vocational expert, that Plaintiff's RFC, age (as a "younger" individual under the Act), and high school education were compatible with substantial other work in the national economy (*e.g.*, laundry laborer, mail sorter, routing clerk), sufficient to warrant his finding that Plaintiff was not disabled. (Tr. 20-24, 34-37; Docket No. 5 at 5).

No. 4 at 10; *id.* at 10-14 (providing argument)). On deferential review and as more fully set forth below, the Court finds that the administrative record sufficiently supports the ALJ's Decision. Plaintiff's Motion is accordingly denied and judgment granted in favor of the Commissioner.

## III.    STANDARD OF REVIEW

To be eligible for benefits under the Act, a claimant must demonstrate that she cannot engage in "substantial gainful activity" because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).  When reviewing a claim, the ALJ must utilize a five-step sequential analysis to evaluate whether a claimant has met the requirements for disability.  20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1; (4) whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003).  If the claimant is determined to be unable to resume previous employment, the burden shifts to the SSA/Commissioner at step 5 to prove that, given claimant's mental or physical limitations, age, education, and work experience, she is able to perform substantial gainful activity in jobs available in the national economy.  *See e.g., Edwards v. Berryhill*, No. CV 16-475, 2017 WL 1344436, at *1 (W.D. Pa. Apr. 12, 2017); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

3

The Court's review of the agency's final decision is plenary for questions of law. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). It reviews the ALJ's findings of fact for "substantial evidence" and reviews the administrative record as a whole. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g));[3] *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002); *Kent v. Schweiker*, 710 F.2d 110 (3d Cir. 1983). This evidentiary threshold is not high, and "substantial evidence" means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek,* 139 S. Ct. at 1154; *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). If the ALJ's decision is supported by such evidence, it is conclusive. The Court may not "set aside" the decision "even if this Court 'would have decided the factual inquiry differently.'" *Hansford v. Astrue*, 805 F. Supp. 2d 140, 143 (W.D. Pa. 2011) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

As the Supreme Court has explained, however, the ALJ must provide a satisfactorily clear articulation of the basis for his conclusions:

> An agency action qualifies as "arbitrary" or "capricious" if it is not "reasonable and reasonably explained." *FCC* v. *Prometheus Radio Project*, 592 U. S. 414, 423, 141 S. Ct. 1150, 209 L. Ed. 2d 287 (2021). In reviewing an agency's action under that standard, a court may not "'substitute its judgment for that of the Agency.'" *FCC* v. *Fox Television Stations, Inc.*, 556 U. S. 502, 513, 129 S. Ct. 1800, 173 L. Ed. 2d 738 (2009). But it must ensure, among other things, that the agency has offered "a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Assn. of United States, Inc.* v. *State Farm Mut. Automobile Ins. Co*., 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983) (internal quotation marks omitted).

---

[3] Section 405(g) provides in pertinent part:

> Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business.

4

*Ohio v. EPA*, Nos. 23A349, 23A350, 23A351, 23A384, 2024 U.S. LEXIS 2846, at \*18 (June 27, 2024); *see also Cotter v. Harris,* 642 F.2d 700, 704-05 (3d Cir. 1981); *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (noting that ALJ must "build an accurate and logical bridge between the evidence and the result").  And as the Supreme Court reiterated in *Ohio v. EPA, supra, w*hen considering a case, a district court can neither conduct a *de novo* review of the decision nor re-weigh the evidence of record.  It must judge, under the applicable standard, the propriety of the decision in reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196–97 (1947).

## IV.    ANALYSIS

As noted in Section II, Plaintiff asserts that the ALJ's Decision was in error, as it failed to "properly explain the supportability and consistency factors" of "the opinion of Plaintiff's psychiatric nurse practitioner", Bonnie M. Woodruff, DNP. (Docket No. 4 at 10-14).  While not unsympathetic to her medical history, the Court must reject Plaintiff's contentions and affirm, under the applicable standards, the Decision.  More particularly:

The opinion to which Plaintiff refers is a multi-page "Report" form sent by counsel Plaintiff's behalf to her mental health care/drug treatment provider, Sunrise Collaborative ("Sunrise"), for check-the-box/fill-in completion.  It was returned dated February 10, 2025 and completed by Nurse Practitioner Woodruff, one of the Sunrise counselors to meet with and provide services to Plaintiff. (Tr. 540-47).  The administrative record appears to indicate that NP Woodruff saw Plaintiff twice: for a one-hour intake appointment on December 31, 2024 and again for one 30-minute counseling session on February 5, 2025.[4]  Her notes of these two appointments are

---

[4] *Cf.*  Tr. at 542 (Report indicating Plaintiff was seen on two dates and "then scheduled every 4 weeks for 30 min follow-up").

substantially comprised of documentation of the history, symptoms which Plaintiff self-reported/endorsed, and treatment plan.  They evaluate various indicia of Plaintiff's Mental Status on both occasions as oriented x3, appropriate, normal, unremarkable, congruent and intact, with good attention and concentration, and fair insight and judgment.  *See* Tr. 654-57 (December 31, 2024 Intake Note, indicating as "Objective Content" that Plaintiff appeared anxious and reported a long history of victimization/abuse that she was just attempting to deal with without benefit of drugs); *id.* at 658-61 (February 5, 2025 session progress note).

The Report indicates that NP Woodruff's brief conclusions/"clinical findings" regarding, *e.g.*, Plaintiff's ability to engage in full time or sustained employment, presented/were based on what "patient states", and that she wrote in several portions of the Report, regarding, *e.g.*,  questions regarding Plaintiff's degrees of impairment in areas of mental functioning, that those sections were "not within her scope of practice" or "unknown".  *See* Tr. at 544-45 (including questions 8, 10-11). *Cf.* Docket No. 4 at 14 (citing to NP Woodruff's  later inconsistent box-check of "extreme" for the same four mental functioning categories at question 18, Tr. 547); *cf. also* Tr. at 22-23 (finding Plaintiff to have mild and moderate limitations in these four areas, with extensive citations to record); *id.* at 33 (noting that NP Woodruff "could not comment on specific functional limitations").

Plaintiff's assertions to the contrary notwithstanding, ALJ Kim's Decision discussed and considered NP Woodruff's Report and records under the appropriately cited factors of "consistency and supportability".  *See* 20 C.F.R. §§ 416.920c(b)(2)-(3).  The Decision found the

---

 Plaintiff was primarily seen at Sunrise by another Nurse Practitioner, Laurie Fenton, PMHNP-BC, from whom there are extensive treatment session and prescribing records from January 2023 through May 2024. *See generally*  Tr. 231-653.

form Report unpersuasive due to (a) its inconsistencies - including inconsistencies with both Sunrise's own more extended treatment notes (including those of her primary provider/prescriber at Sunrise, NP Fenton) and the wider administrative record, and (b) its lack of support - as by its reliance on Plaintiff's self-reporting of her symptoms.  (Tr. 33-34; Docket No. 5 at 1, 6-7).[5] ALJ Kim also expressly concluded after "careful consideration of the evidence" that Plaintiff's subjective statements concerning the "intensity, persistence and limiting effects" of her symptoms were "not entirely consistent with the medical evidence and other evidence" of record as explained therein; and were accordingly found to affect her work "only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence."  (Tr. 24-25). And he correctly observed that Report's solicited comments on, *e.g.*, Plaintiff's ability to engage in full time, sustained work went to "issues reserved to the Commissioner and [were] neither inherently valuable nor persuasive." (Tr. 33).

Finally, as Defendant duly notes, the form Report grounding Plaintiff's action was itself weak evidence.  (Docket No. 5 at 7) (citing *Galette v. Comm'r Soc. Sec.*, 708 F. App'x 88, 91 (3d Cir. 2017) ("As we have explained, forms that 'require[ ] the physician only to check boxes and briefly to fill in blanks . . . are weak evidence at best.'") (quoting Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)); *see also* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinion(s) . . . will be.").

---

[5] Tr. at 33 (noting, with record citations, that Sunrise's treatment records reflected "overall improvement in focus and concentration on medication" and that Plaintiff reportedly "displayed good energy, motivation, and ability to complete all activities of daily living despite some intermittent anxious mood/affect and impaired attention or twitching with anxiety; and retained fair insight and judgment/impulse control"); Tr. at 34 (noting, with record citations, broader record supports of rare dissociative/panic episodes as well as Plaintiff's own inconsistent reporting, and treatment records of improvement on medication and intermittent decreases in mental functioning).

*See also* Tr. at 26-30 (providing detailed review of medical record); *id.* at 31-34 (considering/discussing medical opinions and prior administrative medical findings).

## V.    CONCLUSION

In sum, the Court has applied the applicable standard and finds that the ALJ's Decision (a) properly included and considered the evidence and opinions of record, (b) sufficiently explained the ALJ's reasonings and findings to permit the Court's meaningful review - including with sufficient reference to evidentiary support and consistency, (c) included related limitations in its RFC, and (d) based its denial of benefits on substantial evidence found and reasonable decisions made.  *See* Sections III and IV, *supra*.  Plaintiff's Motion for Summary Judgment [4] is therefore denied and the decision of the SSA/Commissioner is affirmed.  An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:  July 29, 2026
 cc/ecf:  All counsel of record.